UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SYDNI O'CONNELL,<br><br>    Plaintiff,<br><br>v.<br><br>NEWTON PUBLIC SCHOOLS,<br><br>    Defendant. | Civil No.: |

### COMPLAINT AND JURY TRIAL DEMAND

Now comes the Plaintiff, Sydni O'Connell, by and through undersigned counsel, and for her Complaint of discrimination against Newton Public Schools, states and avers as follows:

### INTRODUCTION

1. Plaintiff Sydni O'Connell, a former school psychologist and practicing Greek Orthodox Christian, seeks damages against Defendant, Newton Public Schools, for violation of her civil rights, religious discrimination and the wrongful termination of her employment in violation of 42 U.S.C § 1983, Title VII of the Civil Rights Act of 1964, M.G.L. c. 151B, § 4(1A) because she chose not to receive the Covid-19 vaccine on the basis of her sincerely held religious beliefs.

### I.    PARTIES

2. Plaintiff, Sydni O'Connell (hereinafter, "O'Connell" or the "Plaintiff") was employed by the Defendant, Newton Public Schools, as a school psychologist until she was unlawfully and wrongly terminated on or about January 26, 2022.

3. Defendant Newton Public Schools (hereinafter, "NPS" or the "Defendant") is a school agency in Newton, Massachusetts, which features fifteen (15) elementary schools, four (4) middle schools and two (2) high schools.

4. NPS is located at 100 Walnut Street, Newton, Massachusetts 02460.

5. NPS is an employer within the meaning of 42 U.S.C. Sec 2000e (b) and M.G.L. c 151B, Sec1(5), with more than fifteen (15) employees.

6. The Defendant violated Plaintiff's civil rights by summarily and wrongly terminated her employment on or about January 26, 2022.

7. The Defendant negligently, unlawfully, and wrongly terminated the Plaintiff, when it denied her request for a Religious Exemption and Accommodation, causing O'Connell to suffer a significant financial loss.

## II.    JURISDICTION

8. This Court has jurisdiction pursuant to 42 U.S.C § 1983, 28 U.S.C §§1331, 1343 and 1367.

9. Venue is proper pursuant to 28 U.S.C § 1391(b).

## III.    FACTS

10. O'Connell was employed as a school psychologist for NPS for five years from approximately August 30, 2017 to January 26, 2022, until her civil rights were violated and she was unlawfully and wrongfully terminated by the Defendant based on her asserting her sincerely held religious beliefs by requesting an religious exemption to taking the Covid-19 vaccine.

11. In the fall of 2021, NPS announced its mandatory vaccination policy (hereinafter, the "Vaccine Policy") which required all staff members to be vaccinated against Covid-19 by October 15, 2021.

12. The Vaccine Policy allowed all staff members to request to be exempt from receiving the Covid-19 vaccine based upon their members sincerely held religious beliefs and/or medical condition(s).

13. O'Connell submitted a timely request to be exempt from Defendant's Vaccine Policy requiring its employees to receive the Covid-19 vaccine based upon her sincerely held religious beliefs. A copy of Plaintiff's request is attached hereto and incorporated herein as "**Exhibit A**".

14. In such request, Plaintiff stated that the "Covid vaccine … is a contradiction to [her] Orthodox faith" and that her "Church expresses its categorical opposition to conducting experiments on human embryonic cells".

15. NPS unlawfully and wrongly denied Plaintiff's request for a religious exemption after summarily alleging that Plaintiff's "objection was a personal objection and not based upon a deeply held religious belief" despite Plaintiff's contention unequivocally and clearly detailing that NPS's Vaccine Policy conflicted with her deeply held religious beliefs.

16. Plaintiff grieved the wrongful denial of her exemption request and on or about December 6, 2021, the Newton School Committee denied her grievance.

17. On or about January 26, 2022, NPS unlawfully and wrongly terminated O'Connell's employment as a school psychologist.

18. Discrimination is defined as prejudiced, unfair, or unequal treatment of people based on their personal characteristics such as race, **religion**, disability, age, nation of origin, or gender.

19. Defendant wrongly, arbitrarily, and capriciously denied Plaintiff's lawful request for a Religious Exemption from having to inject her with the Covid-19 vaccine due to her sincerely held religious beliefs.

20. It is unlawful for an employer to force an employee to partake in a Medical Procedure against her will.

21. At all times, Defendant knew, or should have known, that the Covid-19 vaccine did no On February 4, 2020, the Secretary of Health and Human Services of the United States determined that there was a public health emergency.

22. Thereafter, various vaccine manufacturers such as Pfizer, Inc., Johnson and Johnson, and Moderna, Inc., commenced *Operation* "warp speed" researching vaccines to treat Covid-19.

23. The Pfizer vaccine had the following side effects and on October 22, 2020, the FDA's Vaccines and Related Biological Products Advisory Committee conducted a meeting for various attendees to discuss sundry matters related to the COVID-19 pandemic. During this meeting, a slide presentation was given wherein one slide disclosed the following possible "risks" or "side-effects" of the vaccines:

a. Guillian-Barré syndrome;
b. Acute disseminated encephalomyelitis;
c. Transverse myelitis;
d. Encephalitis/myelitis/encephalomyelitis/meningoencephalitis/meningitis/encepholapathy;
e. Convulsions/seizures;
f. Stroke;Narcolepsy and cataplexy;
g. Anaphylaxis;

4

    h. Acute myocardial infarction;
    i. Myocarditis/pericarditis;
    j. Autoimmune disease;
    k. Deaths;
    l. Adverse symptoms during pregnancy and birth outcomes;
    m. Other acute demyelinating diseases;
    n. Non-anaphylactic allergic reactions;
    o. Thrombocytopenia;
    p. Disseminated intravascular coagulation;
    q. Venous thromboembolism;
    r. Arthritis and arthralgia/joint pain;
    s. Kawasaki disease;
    t. Multisystem Inflammatory Syndrome in Children;
    u. Vaccine enhanced disease
    v. The following side effects had been reported to Pfizer, which was a lead customer of Parexel:
        i. severe allergic reactions
        ii. non-severe allergic reactions such as rash, itching, hives, or swelling of the face;
        iii. injection site pain;
        iv. tiredness;
        v. headache;
        vi. muscle pain;
        vii. chills;
        viii. joint pain;
        ix. fever;
        x. injection site swelling;
        xi. injection site redness;
        xii. nausea;
        xiii. feeling unwell;
        xiv. swollen lymph nodes (lymphadenopathy);
        xv. diarrhea.
        xvi. vomiting; and
        xvii. arm pain.

24. The other vaccines from other manufacturers had similar side effects.

25. Notwithstanding the side effects, risks and lack of safety, Defendant demanded that all of its employees receive experimental medical treatments. By advising its employees to take medical treatments as a condition of employment, Defendant was practicing medicine and making medical decisions and judgments for its

5

employees without a medical license, without adequate medical training and without informed knowledge regarding the side effects and risks and benefits of the Covid-19 vaccine medical treatments.

26. Defendant incentivized its employees to receive the vaccine and demanded that they all, including Plaintiff, receive the Covid vaccine as a new requirement of continued employment.

27. Defendant demanded that its employees receive experimental medical treatments without providing its employees with requisite information including Plaintiff to make her own decision whether the medical procedure prevents her from contracting or spreading the disease.

28. The Nuremberg Code may or may not apply directly to this action, however, the first of the ten basic principles of the Nuremberg Code provides that:

"The voluntary consent of the human subject is absolutely essential. This means that the person involved should have legal capacity to give consent; should be situated as to be able to exercise free power of choice, without the intervention of any element of force, fraud, deceit, duress, over-reaching, or other ulterior form of constraint or coercion, and should have sufficient knowledge and comprehension of the elements of the subject matter involved as to enable him to make an understanding and enlightened decision."

## IV.    CLAIMS FOR RELIEF

### COUNT I

### VIOLATION OF TITLE VII AND M.G.L. CHAPTER 151B RELIGIOUS DISCRIMINATION

29. Plaintiff re-alleges the foregoing Paragraphs 1-28 as if set forth again here.

30. Plaintiff was very specific, honest and conveyed her sincerely held religious beliefs to Defendant.

31. Plaintiff explained her sincerely held religious beliefs that the Covid vaccine is a contradiction to her Orthodox faith and that her Church expresses its categorical opposition to conducting experiments on human embryonic cells.

32. Plaintiff at all relevant times were engaged in protected activity under M.G.L. Chapter 151 and 42 USC § 2000e *et seq*.

33. Under Title VII, it is unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of" that individual's religion. 42 U.S.C. § 2000e-2(a)(1). An employer must "reasonably accommodate" an employee's **religious** practice unless such accommodation would impose "undue hardship on the conduct of the employer's business." Id. § 2000e(j). To reiterate, the means to accommodate Plaintiff would not have added additional costs, as the policies, procedures and equipment were already in place since the beginning of the Covid-19 pandemic.

34. Upon information and belief, NPS granted one (1) or more exemption due to religious or medical reasons.

## COUNT II

## VIOLATION OF FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION
## (42 U.S.C § 1983)

35. Plaintiff re-alleges the foregoing Paragraphs 1- 34 as if set forth again here.

36. Defendant, at all times relevant to this action, was acting under color of state law.

37. Defendant, while acting under color of state law, violated Plaintiff's constitutional rights, guaranteed to her by the First Amendment of the United States Constitution, by discriminating against her based upon her religion and inhibiting her right to freely practice her religion and not to be forced to participate in a medical procedure without informed consent and against her free will.

38. Defendant's conduct and actions against Plaintiff were not made in good faith and violated Plaintiff's civil rights while acting under the color of law.

39. In her lawful request for an exemption, Plaintiff stated that the "Covid vaccine … is a contradiction to [her] Orthodox faith" and that her "Church expresses its categorical opposition to conducting experiments with embryonic cells". Plaintiff believes that the use of aborted fetal tissue by all of the Covid-19 Vaccine Manufacturers in research and development is an aberration and grave mortal sin.

40. Defendant's actions were unnecessary, unreasonable, unlawful and unjustified.

41. Defendant's actions deprived the Plaintiff of her civil rights to not be forced to participate in a medical procedure against her will and without her informed consent while also violating her constitutional right to freely practice her religion without government interference.

42. As a direct and proximate result of Defendant's unreasonable and unlawful actions, the Plaintiff has suffered substantial damages, both compensatory and general, including but not limited to, loss of income, severe emotional distress, mental anguish, embarrassment, humiliation and general suffering.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS HONORABLE COURT:**

Enter Judgment against Defendant finding that its conduct was knowingly and negligently in bad faith, with knowledge or reason to know that its actions violated O'Connell's Constitutional rights, caused substantial hardships to her, was against public policy and Federal law, for damages as follows:

A. A declaration that Plaintiff's statutory rights were violated and an order requiring just, proper, and equitable relief.

B. A finding for Plaintiff for the Counts set forth herein and an order for an amount to be determined at the trial of this matter.

C. Compensatory damages in the amount of Two Million Dollars ("$2,000,000.00") for Plaintiff;

D. Punitive damages in the amount of One Million Dollars ("$1,000,000.00") for Plaintiff;

E. Award reasonable attorneys' fees and costs of this action to Plaintiff; and

F. Such other and further relief that this Honorable Court finds meet, just, proper, and equitable.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES AND COUNTS.**

Respectfully submitted,
The Plaintiff,
Sydni O'Connell,
By her attorneys,

DATED: January 24, 2025

*/s/ Richard C. Chambers, Jr., Esq.*
Richard C. Chambers, Jr., Esq.
BBO#: 651251
Chambers Law Office
220 Broadway, Suite 404
Lynnfield, MA 01940
Office: (781) 581-2031
Cell: (781) 363-1773

                                                Email: Richard@chamberslawoffice.com

DATED: January 24, 2025

                                                */s/ Joseph Spinale, Esq.*
                                                Joseph Spinale, Esq.
                                                BBO#: 548547
                                                Chambers Law Office
                                                220 Broadway, Suite 404
                                                Lynnfield, MA 01940
                                                Office: (781) 581-2031
                                                Cell: (781) 838-1411
                                                Email: Joe@chamberslawoffice.com